# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HULET, #M06288,<br><br>    Plaintiff,<br><br>vs.<br><br>WEXFORD HEALTHCARE PROVIDERS,<br>JOHN BALDWIN,<br>ILLINOIS DEPARTMENT OF CORRECTIONS,<br>JEFFRY DENNISON, and<br>KAREN SMOOT,<br><br>    Defendants. | Case No. 19-cv–00609-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Donald Hulet, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Shawnee Correctional Center ("Shawnee"). Plaintiff claims that inmates with mental health problems incarcerated at Shawnee are subjected to cruel and unusual conditions of confinement and are denied adequate mental health treatment. He is seeking monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C.

1

§ 1915A(b). The factual allegations of a *pro se* Complaint are liberally construed at this phase of litigation. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was placed on crisis watch in March 2019 at Shawnee. At some point, he was harassed by staff because of his mental health. Shawnee has a policy of celling inmates on crisis watch for mental health reasons in cruel and unusual conditions. (Doc. 1, p. 4). Inmates are placed in cells that are constantly lit, covered in human waste, and have soiled old mattresses and broken windows so that a cell's temperature becomes unbearably hot and cold. Inmates on crisis watch are also deprived of their property and left without shoes to wear or hygiene products.

Inmates at Shawnee also receive inadequate mental health treatment and must wait weeks to be seen by a mental health provider. When an inmate does receive an appointment, the meeting lasts under five minutes. *Id.* at p. 5. Inmates that have been designated as having a serious mental illness are without reason no longer being designated as such. This sudden change in designation results in inmates not receiving the appropriate level of treatment.

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Counts:

**Count 1:** Eighth Amendment claim of unconstitutional conditions of confinement of inmates on crisis watch for mental health reasons.

**Count 2:** Eighth Amendment claim of deliberate indifference to a serious medical need by providing inadequate mental health treatment to inmates.

**Count 3:** American with Disabilities Act ("ADA") claim for failing to accommodate inmates with mental health needs by not providing regular appointments with mental healthcare professionals.

**Count 4:** Eighth Amendment claim against staff for harassing Plaintiff because of his mental health.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Discussion

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A and shall be dismissed. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). To state a claim against a defendant, Plaintiff must describe what each named defendant did or failed to do that violated Plaintiff's constitutional rights. Plaintiffs are also required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *See Twombly*, 550 at 555; FED. R. CIV. P. 8(a)(2). In the case of a defendant in a supervisory position, the doctrine of *respondeat superior* or supervisory liability is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Here, Plaintiff has failed to associate the allegations in the Complaint with any of the named defendants. He also has failed to describe what specifically has happened to him that constituted a deprivation of his rights. The Complaint frequently asserts that constitutional violations are generally occurring with respect to inmates with mental health needs at Shawnee, and it is unclear which of those violations involve Plaintiff. The Court will only consider alleged harms specifically

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

to Plaintiff – not to the inmate population generally – and he is only entitled to assert his own rights. *Massey v. Helman*, 196 F.3d 727, 739-40 (7th Cir. 1999).

Additionally, Plaintiff names Wexford Healthcare Providers, John Baldwin, Jeffry Dennison, IDOC, and Karen Smoot as Defendants, but does not describe how they were personally involved in the alleged deprivation of his constitutional rights; he merely asserts that the described incidences "involve[d]" the defendants. (Doc. 1, p. 5). He also claims the defendants are responsible for various departments that have failed to provide adequate mental health care. But as previously mentioned, he cannot pursue a claim solely based on the theory of *respondent superior*. While IDOC is a proper defendant for a claim under the ADA, Plaintiff again does not provide the factual detail necessary to support this claim. *See* 42 U.S.C. § 12131(1)(b); *Jaros v. Ill. Dep't of Corr.*, 685 F.3d 667, 671, 670 n.2 (7th Cir. 2012).

Because Plaintiff asserts general constitutional violations and does not associate his claims with specific actions on the part of the defendants, the Complaint will be dismissed without prejudice. However, Plaintiff will be given an opportunity to re-plead his claims in a First Amended Complaint if he wishes to proceed with this case. When preparing a First Amended Complaint, Plaintiff should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights.

## Recruitment of Counsel

Plaintiff has filed two Motions for Recruitment of Counsel (Docs. 4 and 5), which are **DENIED**.[2] Plaintiff does not provide any information regarding attempts to recruit counsel on his

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## Disposition

**IT IS ORDERED** that the Complaint (including **COUNTS 1, 2, 3,** and **4**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Motions for Recruitment of Counsel (Docs. 4 and 5) are **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **September 5, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00609-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 8/8/2019**

                                                   *s/ Staci M. Yandle*
                                         **STACI M. YANDLE**
                                         **U.S. District Judge**